## No. 575

### First Circuit

——

### COLLINS v. PERRIN

——

(December 30, 1929. Opinion and Decree.)

——

N. F. Montet & Harvey Pelletier, of Thibodaux, attorneys for plaintiff, appellant.

C. A. Morvant, of Thibodaux, attorney for defendant, appellee.

MOUTON, J. This is a suit in damages for $1,500 for a brutal assault and battery alleged to have been committed by defendant on plaintiff at Golden Meadows, parish of Lafourche in January, 1927.

Four witnesses testified on each side in support of the contentions of the two litigants. The difficulty took place in the shrimp-picking shed of the Berthoulde Cheramie Company. It seems to have originated between plaintiff and Athenas Perrin, a son of defendant.

The testimony of Mrs. Collins, plaintiff, and of her daughter, Germine Collins, is substantially to the effect that while Athenas Perrin was holding plaintiff by the arms, the defendant, his father, without provocation rushed in, shoved or pushed plaintiff down twice, kicking her on the leg as she fell to the floor the second time.

This is stoutly denied by defendant and Athenas, his son.

Adolphe Solomon, who was in the factory which is separated from the shed by a public highway about 12 feet wide, says he saw while standing in the door of the factory when plaintiff was shoved down and kicked by defendant. He saw her shoved down once, while plaintiff and her daughter say she was pushed down twice.

About all Miss Crosby, another witness for plaintiff, saw was that plaintiff had fallen to the floor while defendant was standing "in front of her." The testimony of these witnesses is therefore extremely contradictory and conflicting.

Thomas Esponge, foreman of the shrimp shed, was present when the scuffle occurred between Mrs. Collins and defendant. He says that defendant was holding the hands of the plaintiff, telling her to get away from there as he did not want any trouble, and that they, referring to himself and his son, did not deserve the accusations she was making against them. He says he did not see defendant shove or knock plaintiff to the floor, nor saw that he ever kicked her. He was in a position, he testifies, and so situated that he could have seen if plaintiff had been either pushed down or kicked.

The court seems to have relied to a large extent on the version given by Espogne of the occurrence, as determinative of the preponderance of the evidence on the issue of fact presented and as being in favor of the contentions of the defendant which resulted in a judgment rejecting the demand.

We have carefully gone over the evidence and are unable to detect any error in the conclusions reached by the trial judge.

As this suit presents a pure question of fact, under the well-settled rules of law, there is no ground for a reversal.